### RATES TECHNOLOGY, INC.,
Plaintiff–Appellant,

v.

### SPEAKEASY, INC. and Best Buy Co., Inc., Defendants–Appellees,

and

**Megapath, Inc., Covad Communications Company, Covad Communications Group, Inc., CCGI Holding Corporation, Platinum Equity LLC, and Speakeasy Broadband Services, LLC, Defendants–Appellees.**

No. 2011–1436.

United States Court of Appeals, Federal Circuit.

Sept. 8, 2011.

Before LOURIE, MOORE, and REYNA, Circuit Judges.

### ON MOTION

### ORDER

LOURIE, Circuit Judge.

Speakeasy, Inc. and Best Buy Co., Inc. (Speakeasy) move to dismiss the appeal for lack of jurisdiction, or in the alternative, to transfer to the United States Court of Appeals for the Second Circuit. Rates Technology Inc. (RTI) opposes. Speakeasy replies.

RTI filed a complaint at the United States District Court for the Southern District of New York for breach of contract. The district court granted Speakeasy's motion to dismiss on the grounds that the licensee estoppel provision in the contract was invalid and unenforceable.

This court is a court of limited jurisdiction. 28 U.S.C. § 1295. Based upon our review, we determine that the district court's jurisdiction did not arise in whole or in part under the laws governing this court's appellate jurisdiction. The contract dispute does not require the resolution of a related question of patent law, such as inventorship, infringement, validity, or unenforceability. *See Lab. Corp. of America Holdings v. Metabolite Labs., Inc.,* 599 F.3d 1277, 1283–84 (Fed.Cir. 2010).

Speakeasy asks that, as an alternative to dismissal, the case be transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. The court agrees that transfer is appropriate.

Accordingly,

IT IS ORDERED THAT:

· The motion is granted to the extent that the appeal is transferred to the United States Court of Appeals for the Second Circuit.